RENDERED:  JULY 31, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0749-MR

CARLOS M. HAGAN                                                                                APPELLANT

v.                   APPEAL FROM DAVIESS CIRCUIT COURT
                     HONORABLE DAVID C. PAYNE, JUDGE
                     ACTION NOS. 21-CR-00446 AND 21-CR-00506

COMMONWEALTH OF KENTUCKY                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, MOYNAHAN, AND TAYLOR, JUDGES.

MOYNAHAN, JUDGE:  Carlos Hagan *pro se* appeals from an order of the

Daviess Circuit Court summarily denying his Kentucky Rule of Criminal

Procedure (RCr) 11.42 motions to vacate his guilty plea and consequent sentence

of imprisonment.  We affirm.

# BACKGROUND

In 2018, Carlos Hagan was serving an unrelated 22-year sentence of imprisonment at a halfway house when he escaped from custody. Hagan was later charged in Daviess Circuit Court with committing various crimes between August 2019 and January 2021, while he remained an escaped inmate. Under indictment No. 21-CR-00446, Hagan was charged with one count of violating KRS[1] 218A.1412, trafficking in a controlled substance in the first degree, second or greater offense (a Class B felony). Under indictment No. 21-CI-00506, Hagan was charged in Daviess Circuit Court with the following: two counts of violating KRS 511.020, burglary in the first degree (Class B felonies); four counts of violating KRS 218A.1415, stemming from first offense possession of various controlled substances while in possession of a firearm (Class C felonies); one count of violating KRS 218A.500(2), possession of drug paraphernalia while in possession of a firearm (a Class D felony); one count of violating KRS 514.110, receiving stolen property, *i.e.*, a firearm (a Class D felony); one count of violating KRS 520.100, fleeing or evading police in the second degree, *i.e.*, on foot (a Class A misdemeanor); one count of violating KRS 511.070, criminal trespass in the second degree (a Class B misdemeanor); and one count of violating KRS 527.040, possession of a handgun by a convicted felon (a Class C felony).

---

[1] Kentucky Revised Statute.

On January 11, 2024, Hagan moved to enter a guilty plea in each case after reaching plea agreements with the Commonwealth, and the circuit court accepted and entered judgments in conformity with those agreements. The salient terms of his agreements were as follows: Hagan pleaded guilty to his trafficking charge in No. 21-CR-00446; his recommended sentence was 10 years' imprisonment; and his sentence was to:

> [R]un concurrently with the sentence the defendant received in Daviess Circuit Court, Case No. 21-CR-00506 for a total combined sentence of 10 years in the penitentiary. This sentence shall run concurrently with United States District Court Case No. 4:21CR-21-JHM but consecutively with any other state penitentiary sentence the defendant has received.

As for No. 21-CR-00506, the Commonwealth dismissed Hagan's charge of possession of a handgun by a convicted felon, and reduced Hagan's pair of first-degree burglary charges to (respectively) third-degree burglary and second-degree criminal trespass. In exchange, Hagan pleaded:

> Guilty to the amended charge in Count 1, Burglary in the Third Degree, and the recommended sentence is 5 years in the penitentiary. Guilty to the amended charge in County 2, Criminal Trespass in the Second Degree, and the recommended sentence is 90 days in the county jail. Guilty as charged to Count 3, Possession of a Controlled Substance in the First Degree, Heroin, While in Possession of a Firearm, and the recommended sentence is 5 years in the penitentiary. Guilty as charged to Count 4, Possession of a Controlled Substance in the First Degree, First Offense, Methamphetamine, While in Possession of a Firearm, and the recommended sentence

-3-

is 10 years in the penitentiary. Guilty as charged to Count 5, Possession of a Controlled Substance in the First Degree, First Offense, Drug Unspecified, While in Possession of a Firearm, and the recommended sentence is 5 years in the penitentiary. Guilty as charged to Count 6, Possession of a Controlled Substance in the First Degree, First Offense, Opiates, While in Possession of a Firearm, and the recommended sentence is 5 years in the penitentiary. Guilty as charged to Count 7, Possession of Drug Paraphernalia, While in Possession of a Firearm, and the recommended sentence is 5 years in the penitentiary. Guilty as charged to Count 8, Receiving Stolen Property, Firearm, and the recommended sentence is 5 years in the penitentiary. Guilty as charged to Count 9, Fleeing or Evading Police in the Second Degree, On Foot, and the recommended sentence is 12 months in the county jail. Guilty as charged to Count 10, Criminal Trespass in the Second Degree, and the recommended sentence is 90 days in the county jail.

. . .

All sentences to run concurrently with each other for a total combined sentence of 10 years in the penitentiary. This sentence shall also run concurrently with the sentence the defendant received in Daviess Circuit Court, Case No. 21-CR-00446 for a total combined sentence of 10 years in the penitentiary. This sentence shall run concurrently with United States District Court Case No. 4:21CR-21-JHM but consecutively with any other state penitentiary sentence the defendant has received.

On April 1, 2025, Hagan then filed RCr 11.42 motions to set aside his

guilty pleas. There, Hagan acknowledged that his plea agreements made no

representations or guarantees regarding his eligibility for parole. He acknowledged

that he had stated under oath during his plea colloquy that no one had made any

other promises to him outside of what was represented in his plea agreements. Notwithstanding, Hagan asserted that his trial counsel had represented that he would be eligible for parole after serving two years of his agreed-upon sentence; that his trial counsel's representation had induced him to enter the agreements; and that his trial counsel's representation was incorrect. Specifically, because the numerous offenses to which Hagan had pled guilty were offenses that Hagan had committed while he was an escaped inmate, the operative effect of 501 Kentucky Administrative Regulation (KAR) 1:030 § 3(4)[2] essentially precluded Hagan from being considered parole eligible for the duration of his ten-year sentence.

---

[2] 501 KAR 1:030 § 3(4) governs parole eligibility for crimes committed while on escape. This regulation provides, in pertinent part, as follows:

> If an inmate commits a crime . . . while on an escape and receives a concurrent or consecutive sentence for this crime, eligibility time towards parole consideration on the latter sentence shall not begin to accrue until he becomes eligible for parole on his original sentence. This shall include a life sentence.
>
> (a) Except as provided by paragraph (b) of this subsection, in determining parole eligibility for an inmate who receives a sentence for an escape, . . . or on a sentence for a crime committed while on an escape, the total parole eligibility shall be set by adding the following, regardless of whether the sentences are ordered to run concurrently or consecutively:
>
>> 1. The amount of time to be served for parole eligibility on the original sentence; [and]
>>
>> . . .
>>
>> 4. If the inmate has an additional sentence for a crime committed while on escape, the amount of time to be

Responding, the Commonwealth argued that even if Hagan's trial counsel had misadvised Hagan as alleged, Hagan had received a substantial benefit from the plea agreements and his RCr 11.42 motions violated RCr 11.42(2) because it contained only conclusory allegations of how this had caused him prejudice. Upon review, the circuit court summarily denied Hagan's RCr 11.42 motions. This appeal followed.

## STANDARD OF REVIEW

"In reviewing an RCr 11.42 proceeding, the appellate court reviews the trial court's factual findings for clear error while reviewing the application of its legal standards and precedents de novo." *Ford v. Commonwealth*, 628 S.W.3d 147, 156 (Ky. 2021) (citation omitted). "If an evidentiary hearing is not held, as is the present case, our review is limited to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Smith v. Commonwealth*, 438 S.W.3d 392, 394 (Ky. App. 2014) (internal quotation marks and citation omitted).

---

served for parole eligibility on the additional sentence for the crime committed while on escape.

Based on this language, Department of Corrections (DOC) notified Hagan that his parole eligibility date was in 2034. There is no dispute regarding the correctness of the DOC's application of this regulation to Hagan's sentence.

# ANALYSIS

A party seeking RCr 11.42 relief for ineffective assistance of counsel has the burden of demonstrating (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *See Commonwealth v. Searight*, 423 S.W.3d 226, 230 (Ky. 2014). With that in mind, Hagan's sole argument on appeal is that his trial counsel was ineffective for failing to advise him that his plea deal effectively granted him no parole eligibility for the duration of his ten-year sentence, and that the circuit court accordingly erred by rejecting his request for RCr 11.42 relief.

To be sure, incorrect advice regarding the effect of the law upon parole eligibility can demonstrate that trial counsel's performance was deficient and, thus, satisfy the first of the two requisite showings set forth above. *See, e.g., Stiger v. Commonwealth*, 381 S.W.3d 230, 236 (Ky. 2012) ("[C]ounsel's alleged failure to take the violent offender statute into account when giving advice about parole eligibility would constitute, if proven, deficient performance."). However, we do not need to address that "deficient performance" prong because Hagan has failed to satisfy the "prejudice" prong. *See Commonwealth v. Young*, 212 S.W.3d 117, 120 (Ky. 2006).

"Prejudice" in this context is not presumed. *Id.* And here, apart from expressing general dissatisfaction with the consequences of his plea agreement,

Hagan's allegations of "prejudice" are, in the words of his brief, limited to the following:

> The Appellant asserts that had the attorney of record provided him with sound principles and up to date law in regards to how the parole eligibility is stacked per charge when the charges were caught during an "escape", he would have never signed the deal as is. Some of the charges could have been beat outright for lack of evidence and he would have continued the negotiation.

Appellant Brief 2.

Stated otherwise, Hagan is making two vague allegations in support of why he was prejudiced. His first allegation is that he would have insisted upon *a better plea deal* if his trial counsel had properly advised him about parole eligibility. But, that is insufficient. To establish prejudice in the context of a guilty plea, the challenger must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Stiger*, 381 S.W.3d at 237 (internal quotation marks and citations omitted).

Hagan's second allegation is that "[s]ome of the charges could have been beat outright for lack of evidence[.]" Appellant Br. 2. Hagan offered no elaboration on this point below, he offers none on appeal, and this is accordingly nothing more than a conclusory allegation. That, too, is insufficient:

> [A]t the pleading stage it is movant's burden to allege specific facts which, if true, would demonstrate

> prejudice. A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough. The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence.

*Stiger*, 381 S.W.3d at 237 (footnote and citation omitted).

Hagan faced a substantial risk of a greater sentence and otherwise worse outcome if he had proceeded to trial. Between both of his indictments, Hagan was facing a total of twelve counts of criminal misconduct, ten of which were felony offenses. The crimes he was charged with were serious—they involved residential break-ins, drug trafficking, drug possession, and firearm possession by a convicted felon. His two counts of first-degree burglary and one count of first-degree trafficking in a controlled substance (second or greater offense), for example, carried potential sentences between ten and twenty years *per count*, as they were Class B felonies. *See* KRS 218A.1412(3)(a); KRS 511.020(2); KRS 532.060(2)(b); KRS 532.020(1)(c).

Importantly, Hagan does not allege facts that would have supported valid defenses to those counts, nor did he have a pending suppression motion that could have undermined the prosecution's case. He also does not allege facts that would have created a realistic possibility for a lower sentence. And, because he was charged with committing those offenses while on escape, convictions for any

-9-

or all those offenses would have warranted application of 501 KAR 1:030 §3(4), which would have limited or eliminated his parole eligibility. Moreover, even if the ultimate result of a trial might have rendered Hagan eligible for parole to some degree, the fact that an inmate becomes eligible for parole does not guarantee that the inmate will actually be paroled. *Garland v. Commonwealth*, 997 S.W.2d 487, 490 (Ky. App. 1999).

By contrast, Hagan received a substantial benefit from his plea agreements. Specifically, his burglary counts were amended down to third-degree burglary, a Class D felony with a potential sentence of only one to five years, and second-degree criminal trespass, a Class B misdemeanor with a potential penalty of up to only ninety days in jail. His possession-of-a-handgun-by-a-convicted-felon charge was dismissed. Furthermore, all of his convictions from both Nos. 21-CR-00506 and 21-CR-00446 resulted in a single, combined sentence that totaled only ten years.

Considering the above, Hagan fails to show it would have been "rational" for him to have rejected the plea agreement and to have proceeded to trial instead—even if he had known with absolute certainty that he would receive no parole eligibility for the duration of the ten-year sentence offered to him. *Stiger*, 381 S.W.3d at 237. The circuit court's summary dismissal of Hagan's RCr 11.42 motions was accordingly proper because Hagan made an insufficient

-10-

showing of prejudice.  *See Commonwealth v. Pridham*, 394 S.W.3d 867, 874 (Ky. 2012) ("Motions which fail adequately to specify grounds for relief may be summarily denied, as may be motions asserting claims refuted or otherwise resolved by the record."); *see also* RCr 11.42(2) (requiring movants to "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds.").

## CONCLUSION

Considering the foregoing, we AFFIRM.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Carlos M. Hagan, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky